UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| Case No. | 2:26-cv-04856-CAS-MBKx | Date | July 8, 2026 |
|---|---|---|---|
| Title | Proctor CZ Inc. v. Catalina Mendez et al | | |

Present: The Honorable    CHRISTINA A. SNYDER

| Catherine Jeang | Not Present | N/A |
|---|---|---|
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

Attorneys Present for Plaintiffs:    Attorneys Present for Defendants:

Not Present    Not Present

**Proceedings:    (IN CHAMBERS) - ORDER TO SHOW CAUSE RE: SUBJECT MATTER JURISDICTION**

On January 6, 2026, plaintiff Proctor CZ Inc. ("plaintiff") filed an unlawful detainer action against defendant Catalina Mendez and Does 1 to 10 in Los Angeles County Superior Court. Dkt. 1 at 7. On March 18, 2026, plaintiff filed its first amended complaint. Dkt. 9 at 8-11 ("FAC"). Jonathan Romero ("Romero"), an individual,[1] removed the case to this Court on May 5, 2026. Dkt. 1 at 1. Romero concurrently filed a request to proceed *in forma pauperis*. Dkt. 2. Romero asserts that this Court has jurisdiction on the basis of a federal question. Dkt. 1 at 2 (citing 28 U.S.C. § 1331 and § 1441).

It appears that this Court lacks subject matter jurisdiction over this action. The law is clear that "[u]nlawful detainer actions are strictly within the province of state court." Federal Nat'l Mort. Assoc. v. Suarez, 2011 U.S. Dist. LEXIS 82300, *6 (E.D. Cal. Jul. 27, 2011); Deutsche Bank Nat'l Trust Co. v. Leonardo, 2011 U.S. Dist. LEXIS 83854, *2 (C.D. Cal. Aug. 1, 2011) ("[T]he complaint only asserts a claim for unlawful detainer, a cause of action that is purely a matter of state law."). A defendant's attempt at creating

---

[1] As no answer to the state unlawful detainer action was attached to the notice of removal, it is unclear if Romero has in fact appeared in the unlawful detainer proceedings as a Doe defendant. "The removal statute, 28 U.S.C. § 1441, is quite clear that only a 'defendant' may remove the action to federal court." Bush v. Cheaptickets, Inc., 425 F.3d 683, 686 (9th Cir. 2005) (citing Shamrock Oil & Gas Corp. v. Sheets, 313 U.S. 100 (1941)). Unless Romero can show that he has answered the unlawful detainer action and is a defendant, removal would be improper.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| Case No. | 2:26-cv-04856-CAS-MBKx | Date | July 8, 2026 |
|---|---|---|---|
| Title | Proctor CZ Inc. v. Catalina Mendez et al | | |

federal subject matter jurisdiction by adding claims or defenses to a notice of removal must fail.  McAtee v. Capital One, F.S.B., 479 F.3d 1143, 1145 (9th Cir. 2007).

Here, the only claim asserted by plaintiff is for unlawful detainer against defendants.  See dkt. 1 at 7-10.  Romero claims that plaintiff cannot state a cause of action for unlawful detainer and must instead state a cause of action for ejectment under the federal Protecting Tenants at Foreclosure Act (PTFA).  Id. at 2.

However, defendants cannot create federal subject matter jurisdiction by adding claims or asserting defenses.  McAtee, 479 F.3d at 1145.  Accordingly, the Court appears to lack subject matter jurisdiction.  Suarez, 2011 U.S. Dist. LEXIS 82300 at *6.

Accordingly, Romero is hereby ORDERED TO SHOW CAUSE, in writing, on or before **July 22, 2026,** why this case should not be remanded to Los Angeles County Superior Court.

IT IS SO ORDERED.

|  | 00 | : | 00 |
|---|---|---|---|
| Initials of Preparer | | CMJ | |