UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL** **'O'** **JS-6**

| | | | |
|---|---|---|---|
| Case No. | 2:26-cv-04856-CAS-MBKx | Date | July 28, 2026 |
| Title | Proctor CZ Inc. v. Catalina Mendez et al | | |

| | |
|---|---|
| Present: The Honorable | CHRISTINA A. SNYDER |

| | | |
|---|---|---|
| Catherine Jeang | Not Present | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

| | |
|---|---|
| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
| Not Present | Not Present |

**Proceedings:** **(IN CHAMBERS)** - ORDER TO REMAND

On January 6, 2026, plaintiff Proctor CZ Inc. ("plaintiff") filed an unlawful detainer action against defendant Catalina Mendez and Does 1 to 10 in Los Angeles County Superior Court. Dkt. 1 at 7. On March 18, 2026, plaintiff filed its first amended complaint. Dkt. 9 at 8-11 ("FAC"). Jonathan Romero ("Romero"), an individual,[1] removed the case to this Court on May 5, 2026. Dkt. 1 at 1. Romero concurrently filed a request to proceed *in forma pauperis*. Dkt. 2. Romero asserts that this Court has jurisdiction on the basis of a federal question. Dkt. 1 at 2 (citing 28 U.S.C. § 1331 and § 1441).

On July 6, 2026, plaintiff filed a motion to remand the case to Los Angeles County Superior Court. Dkt. 9. On July 8, 2026, the Court ordered Romero to show cause, in writing, no later than July 22, 2026, why this case should not be remanded to Los Angeles County Superior Court for lack of subject matter jurisdiction. Dkt. 10.

Romero failed to respond to the order to show cause.

---

[1] As no answer to the state unlawful detainer action was attached to the notice of removal, it is unclear if Romero has in fact appeared in the unlawful detainer proceedings as a Doe defendant. "The removal statute, 28 U.S.C. § 1441, is quite clear that only a 'defendant' may remove the action to federal court." Bush v. Cheaptickets, Inc., 425 F.3d 683, 686 (9th Cir. 2005) (citing Shamrock Oil & Gas Corp. v. Sheets, 313 U.S. 100 (1941)). Romero's failure to show that he is a defendant in this case is another reason for remand.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL** **'O'** **JS-6**

| | | | |
|---|---|---|---|
| Case No. | 2:26-cv-04856-CAS-MBKx | Date | July 28, 2026 |
| Title | Proctor CZ Inc. v. Catalina Mendez et al | | |

Here, the only claim asserted by plaintiff is for unlawful detainer against defendant. See dkt. 1 at 7-10. The law is clear that "[u]nlawful detainer actions are strictly within the province of state court." Federal Nat'l Mort. Assoc. v. Suarez, 2011 U.S. Dist. LEXIS 82300, *6 (E.D. Cal. Jul. 27, 2011); Deutsche Bank Nat'l Trust Co. v. Leonardo, 2011 U.S. Dist. LEXIS 83854, *2 (C.D. Cal. Aug. 1, 2011) ("[T]he complaint only asserts a claim for unlawful detainer, a cause of action that is purely a matter of state law."). A defendant's attempt at creating federal subject matter jurisdiction by adding claims or defenses to a notice of removal must fail. McAtee v. Capital One, F.S.B., 479 F.3d 1143, 1145 (9th Cir. 2007).

Accordingly, the Court **REMANDS** this case to Los Angeles County Superior Court. Plaintiff's motion to remand is vacated as moot.

IT IS SO ORDERED.

00 : 00

Initials of Preparer CMJ